FILED

2014 May-02 PM 01:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA,
MIDDLE DIVISION**

| | | |
|---|---|---|
| AMY WHITLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, AMY WHITLOCK ("Plaintiff"), through her attorneys, Walker McMullan, Attorneys, alleges the following against Defendant, MIDLAND CREDIT MANAGEMENT, INC., ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k ("FDCPA").

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5.  Plaintiff is a natural person residing in Cedar Bluff, Cherokee County, Alabama.

6.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7.  Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

9.  Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a business entity engaged in the collection of debt within the State of Alabama.

11. Defendant is a collection agency located in San Diego, San Diego County, California.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff regarding a loan.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. Within in the last year, Defendant was hired to collect on the alleged debt.

21. Defendant called Plaintiff on Plaintiff's cellular telephone number at 706-506-63xx in an attempt to collect on the alleged debt.

22. Defendant called Plaintiff from telephone number 877-237-0512.

23. The telephone number of 877-237-0512 is one of Defendant's telephone numbers.

24. On December 6, 2013, one of Plaintiff's attorneys electronically mailed a notice of representation and cease and desist letter to Defendant at chiefcomplianceofficer@mcmcg.com. *See* letter attached as Exhibit A

25. Plaintiff's letter was provided to Defendant with Plaintiff's name, the telephone number that Defendant places collection calls to Plaintiff at, and a cease and desist request from Plaintiff. *Id.*

26. Despite having received Plaintiff's cease and desist request and letter informing Defendant of Plaintiff's representation, Defendant continued to place up to three collection calls to Plaintiff per day.

27. On December 9, 2013, one of Plaintiff's attorneys electronically mailed a second a notice of representation and cease and desist letter to Defendant at chiefcomplianceofficer@mcmcg.com. *See* letter attached as Exhibit B.

28. Despite Plaintiff's repeated requests that Defendant cease contacting Plaintiff directly in connection with the alleged debt, Defendant has continued to place collection calls to Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

29. Defendant violated the FDCPA based on the following:

    a.  Defendant violated *§1692c(c)* of the FDCPA by communicating with a consumer after receiving notification, in writing, that the consumer wishes the debt collector to cease further communication when Defendant continued to place repeated collection calls directly to Plaintiff, despite Defendant having received two cease and desist requests and letters of representation in connection with the alleged debt.

WHEREFORE, Plaintiff, AMY WHITLOCK, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

32. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,


May 2, 2014        By: /s/M. Brandon Walker
                M. Brandon Walker
                Walker McMullan, Attorneys
                242 West Valley Avenue, Suite 312
                Birmingham, AL 35209
                Tel: 205-417-2541
                E-mail: brandon@walkermcmullan.com
                Attorney for Plaintiff

# <u>EXHIBIT A</u>

## Danielle Berns

| | |
|---|---|
| **From:** | Danielle Berns |
| **Sent:** | Friday, December 06, 2013 1:49 PM |
| **To:** | 'chiefcomplianceofficer@mcmcg.com' |
| **Cc:** | 'amywhitlock14@yahoo.com' |
| **Subject:** | cease and desist |

December 6, 2013

Midland Credit Management, Inc.
8875 Aero Dr #200
San Diego, CA 92123
http://www.mcmcg.com

Re:     Amy Whitlock
        Telephone number: (706) 506-6393

To Whom It May Concern:

Please stop all further communications with Amy Whitlock. Midland Credit Management, Inc. is calling Ms. Whitlock on the telephone number above.

Sincerely,

Danielle Berns, Esq.


**Danielle L. Berns - Agruss Law Firm, LLC**
22 W. Washington St., Suite 1500, Chicago, IL 60602
Local: 312-224-4695 / Toll-free: 888-572-0176 / Fax: 312-253-4451

**Main Website  *  Consumer Law Site  *  Personal Injury Site**

# <u>EXHIBIT B</u>

6

## Danielle Berns

| | |
|---|---|
| **From:** | Danielle Berns |
| **Sent:** | Monday, December 09, 2013 9:32 AM |
| **To:** | 'chiefcomplianceofficer@mcmcg.com' |
| **Subject:** | Second Cease and Desist |

December 9, 2013

Midland Credit Management, Inc.
8875 Aero Dr #200
San Diego, CA 92123
http://www.mcmcg.com

Re:    Amy Whitlock
         Telephone number: (706) 506-6393

To Whom It May Concern:

This is the second cease and desist letter I am sending. Please stop all further communications with my client, Amy Whitlock. Midland Credit Management, Inc. is calling Ms. Whitlock on the telephone number above.

Sincerely,

Danielle Berns, Esq.


**Danielle L. Berns - Agruss Law Firm, LLC**
22 W. Washington St., Suite 1500, Chicago, IL 60602
Local: 312-224-4695 / Toll-free: 888-572-0176 / Fax: 312-253-4451

**Main Website  *  Consumer Law Site  *  Personal Injury Site**